Affirmed and Memorandum Opinion
filed February 15, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00208-CR



Augustine
Griffin, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 248th District Court

Harris County, Texas

Trial Court
Cause No. 1204023



 

MEMORANDUM OPINION

Appellant Augustine Griffin challenges his conviction
for aggravated robbery on the grounds that the evidence is insufficient to
support his conviction, the trial court abused its discretion in denying the
admission of relevant evidence, the trial court erred in admitting extraneous
offense evidence, and his trial counsel was ineffective.  We affirm.

BACKGROUND

In August 2007, Houston Police Department (“HPD”) Officer
T.M. Hawkins responded to an armed robbery call at a Family Dollar store
located on North Wayside Drive in Houston.  When he arrived, the robbery was
over, and the assailant had fled the scene.  Hawkins spoke with several
witnesses, including the cashier who was robbed, another cashier who was within
several feet of the assailant when the robbery occurred, and a customer who also
witnessed the robbery.  Hawkins viewed the surveillance tape at the store and
developed a description of the suspect:  a black male, approximately
twenty-eight years old.  

HPD Detective John Rivera conducted the follow-up
investigation of the robbery.  He reviewed the surveillance tape of the robbery
and printed still photographs from the video.  He placed the video and photographs
on local television news; through police investigation, appellant later became
a suspect in the robbery.  Rivera developed a photograph array using six
photographs, including appellant’s.  He showed the array to the complainant, and
she identified appellant as the individual who had robbed her.  Appellant was
indicted and arrested for aggravated robbery.

In February 2010, appellant’s jury trial began.  The
three witnesses from the Family Dollar store, including the complainant, identified
appellant in court as the robber.  The video surveillance tape and still
photographs from the tape were admitted into evidence.  Officer Hawkins and
Detective Rivera also testified regarding their investigation into the robbery.

Appellant presented several alibi witnesses during
his case-in-chief.  A family friend, his wife, and two of his stepsons
testified that, at the time of the robbery, appellant was living with his wife
and stepsons in Omaha, Nebraska.  In addition, a private investigator testified
that she measured the door at the Family Dollar store; from her testimony, the
jury could have inferred the height of the robber.  A nurse working in the
Harris County jail testified that, on February 1, 2010, appellant was suffering
from a scalp condition called “keloid,” but because of the State’s objections
to the relevance of the nurse’s testimony and her lack of expertise in the area
of dermatology, the nurse was not permitted to testify regarding this condition
before the jury.  Finally, an expert in eyewitness testimony explained that
even though an eyewitness may be very confident of his or her identification of
a person as the perpetrator of an offense, the eyewitness could often be “dead
wrong.”  He testified that around two hundred fifty convictions based on
eyewitness identification have later been overturned by DNA evidence.  At the
conclusion of this expert’s testimony, the defense rested.

Over appellant’s objection, the State presented
extraneous offense evidence in rebuttal to appellant’s alibi evidence.  A
cashier from a Walgreens store located near the Family Dollar store testified
that appellant was the perpetrator of a robbery on August 22, 2007. 
Additionally, a cashier from a CVS pharmacy, also in close proximity to the
Family Dollar store, identified appellant as the perpetrator of an attempted
robbery that occurred on August 15, 2007.  After these witnesses testified, the
State rested.  In rebuttal to testimony by these two witnesses that appellant
had approached them to purchase cigarettes before robbing or attempting to rob
them, appellant’s wife took the stand and testified that appellant does not
smoke cigarettes.

After hearing the evidence and being charged by the
court, the jury convicted appellant of aggravated robbery.  The jury assessed
punishment at twelve years’ confinement in the Institutional Division of the
Texas Department of Criminal Justice, and the trial court entered judgment
accordingly.  This appeal timely ensued.

ANALYSIS

A.        Sufficiency
of the Evidence

In
his first issue, appellant challenges the factual sufficiency of the evidence. 
However, while this appeal was pending, a majority of the judges of the Texas
Court of Criminal Appeals determined that “the Jackson v. Virginia legal-sufficiency
standard is the only standard that a reviewing court should apply in
determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable
doubt.”  Brooks v. State, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)
(plurality opinion); id. at 926 (Cochran, J., concurring).  Accordingly,
we review the sufficiency of the evidence in this case under a rigorous and
proper application of the Jackson v. Virginia[1] legal
sufficiency standard.  Brooks, 323 S.W.3d at 906.

In a legal sufficiency review, we view all the
evidence in the light most favorable to the verdict and determine whether a
rational fact-finder could have found the defendant guilty of all the elements
of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S.
307, 319 (1979); Williams v. State, 270 S.W.3d 140, 142 (Tex. Crim. App.
2008).  We must give deference to the responsibility of the trier of fact to
fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.  Hooper v. State, 214
S.W.3d 9, 13 (Tex. Crim. App. 2007).  Thus, we defer to the fact-finder’s
resolution of conflicting evidence unless the resolution is not rational.  See
Brooks, 323 S.W.3d at 906–07.  

The testimony of a single eyewitness can be legally
sufficient to support a conviction.  See Aguilar v. State, 468 S.W.2d
75, 77 (Tex. Crim. App. 1971).  Here, three eyewitnesses identified
appellant as the assailant in the Family Dollar robbery.  Although several of
appellant’s friends and family members testified that he was not in Texas when
the robbery occurred, we defer to the fact-finder’s resolution of conflicting
evidence unless the resolution is not rational.  Brooks, 323 S.W.3d at
906–07.  The jury rationally could have found the eyewitnesses’ testimony more
credible than the testimony of appellant’s friend and family members.  We may
not sit as a thirteenth juror or substitute our judgment for that of the fact-finder
by re-evaluating the weight and credibility of the evidence.  See id.
at 911–12.  Viewing all of the evidence in the light most favorable to the
verdict, a rational fact-finder could have found appellant guilty of aggravated
robbery beyond a reasonable doubt.  Accordingly, we overrule appellant’s
sufficiency challenge.

B.        Exclusion
of “Expert” Testimony

In issue two, appellant complains of the trial
court’s refusal to permit a registered nurse who examined appellant in February
2010 to testify regarding a scalp condition called “keloid.”  The admission of
evidence is within the discretion of the trial court, and the trial court will
not be reversed absent an abuse of discretion.  Moses v. State, 105
S.W.3d 622, 627 (Tex. Crim. App. 2003); Osbourn v. State, 92 S.W.3d 531,
537–38 (Tex. Crim. App. 2002); Woods v. State, 301 S.W.3d 327, 332 (Tex.
App.—Houston [14th Dist.] 2009, no pet.).  A trial court does not abuse its
discretion if its evidentiary ruling was within the “zone of reasonable
disagreement,” and was correct under any legal theory applicable to the case.  Winegarner
v. State, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007); Woods, 301
S.W.3d at 332.  Because the trial court is usually in the best position to
decide whether evidence should be admitted or excluded, we must uphold its
ruling unless its determination was so clearly wrong as to lie outside the zone
within which reasonable persons might disagree.  See Winegarner,
235 S.W.3d at 790 (quoting Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997)); Woods, 301 S.W.3d at 332–33.

Here, the State objected to the nurse’s testimony
because (a) appellant’s February 2010 scalp condition was not relevant to how
he looked when the crime was committed in August 2007, (b) the nurse was not
qualified as an expert, and (c) the State had not been provided with proper notice.
 After hearing this witness’s testimony outside the presence of the jury, the
judge sustained the objection on all three grounds:  

I’m going to sustain on several bases.  I’m going to
sustain on not being noticed and on the original relevance in October and
probably take expert testimony to date -- I mean, 2010, February 2010, not
October, and it would take expert testimony to give the several-year
information that she is advising us of.

Evidence is relevant if it has “any tendency to make
the existence of any fact that is of consequence to the determination of the
action more probable or less probable than it would be without the evidence.” 
Tex. R. Evid. 401.  Neither in the trial court nor on appeal has appellant
explained how the nurse’s testimony about appellant’s scalp condition on
February 1, 2010 is relevant to this case.  Appellant contends in his brief
that this nurse testified that his scalp “condition had existed for a long time
causing him to be bald[.]”  However, this contention is not supported by the
record:  this nurse testified simply that (a) she observed appellant on
February 1, 2010, (b) he had a condition known as “keloid,” easily seen because
he “didn’t have any hair,” and (c) he had had it for at least a year, possibly
more.  She never testified that this condition caused appellant to be
bald.  Further, whether appellant was bald in February 2010 has no bearing on
whether he was bald in August 2007, when this offense occurred.[2]  

Because appellant failed to establish that the
nurse’s testimony would have any tendency to make the existence of any fact
consequential to the determination of this case more or less probable than it
would be without it, we cannot say the trial court abused its discretion in
sustaining the State’s objection to the relevance of her testimony.  We
overrule appellant’s second issue.

C.        Admission
of Extraneous Offense Evidence

In his third issue, appellant contends that the trial
court erred in admitting evidence of two extraneous offenses.  We review a
trial court’s evidentiary rulings for an abuse of discretion.  See Moses,
105 S.W.3d at 627.  To preserve error for appellate review, the complainant
must make a timely, specific objection that the trial court refuses.  Tex. R.
Evid. 103(a); Tex. R. App. P. 33.1(a); Young v. State, 137
S.W.3d 65, 69 (Tex. Crim. App. 2004) (en banc).  Ordinarily, an objection is
required every time inadmissible evidence is presented.  See Valle v. State,
109 S.W.3d 500, 509 (Tex. Crim. App. 2003).  Error in allowing inadmissible
evidence is cured when the same evidence is admitted without objection.  See
id.

Here, appellant’s trial counsel objected to evidence
regarding the first extraneous offense on the basis that it was not relevant.[3]  Evidence
is relevant if it has “any tendency to make the existence of any fact that is
of consequence to the determination of the action more probable or less
probable than it would be without the evidence.”  Tex. R. Evid. 401.  During
appellant’s case-in-chief, his witnesses testified that he had not been in the
Houston area in August 2007.  This particular offense occurred on August 22,
2007.  Evidence that appellant committed a similar robbery in a nearby location
a few days after he was alleged to have committed the charged offense is
relevant to rebut appellant’s alibi witnesses’ testimony that he was not in
Houston at the time of the charged offense. 

Moreover, appellant’s trial counsel neither objected
before the witness who described the second offense testified, nor did his
counsel object before HPD Detective Ken Nealy testified and described these extraneous
offenses and how appellant was developed as a suspect in these crimes.  Thus,
the trial court’s error, if any, in admitting testimony regarding the first
extraneous offense was cured by appellant’s failure to object when the same
evidence was introduced through the unobjected-to testimony of Detective Nealy. 
See Valle, 109 S.W.3d at 509.  Accordingly, we overrule appellant’s
third issue.

D.        Ineffective
Assistance of Counsel

In his fourth issue, appellant asserts that his trial
counsel was ineffective for failing to object to the allegedly “tainted” in-court
identifications.  We apply a two-prong test in reviewing claims of ineffective
assistance of counsel.  See Perez v. State, 310 S.W.3d 890, 892–93 (Tex.
Crim. App. 2010) (citing Strickland v. Washington, 466 U.S. 668, 687
(1984)).  To prove ineffective assistance, an appellant must demonstrate that
(1) his counsel’s performance was deficient because it fell below an objective
standard of reasonableness, and (2) there was a reasonable probability that,
but for counsel’s errors, the result of the proceeding would have been
different.  Id.  Any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999).  Appellant bears the burden of proving by a preponderance of the
evidence that counsel was ineffective.  Id.  Failure to show either
prong of the Strickland test defeats an ineffectiveness claim.  Id.  When
the record is silent as to trial counsel’s strategy, we will not conclude that
defense counsel’s assistance was ineffective unless the challenged conduct was “so
outrageous that no competent attorney would have engaged in it.”  Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v.
State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).  

Appellant’s fourth issue is based on his allegation
that the in-court identification of appellant was tainted by an unduly
suggestive pretrial identification.  Although an in-court identification may be
tainted by an unduly suggestive pretrial identification, see Loserth v. State, 963 S.W.2d 770, 771–72 (Tex. Crim. App.1998), in this case, only the
complainant identified appellant through a pretrial identification process. 
The other two eyewitnesses did not participate in any pretrial identification
procedures.  Thus, their in-court identifications of appellant could not have
been tainted by any unduly suggestive pretrial identification procedure, and appellant’s
counsel had no basis to make this particular objection regarding the other two
eyewitnesses’ in-court identifications of appellant.  

Further, we note that
our record is silent as to trial counsel’s strategy; thus, we will not
conclude that defense counsel’s assistance was ineffective unless the
challenged conduct was “so outrageous that no competent attorney would have engaged
in it.”  See Goodspeed, 187 S.W.3d at 392.  Rather than objecting
to the complainant’s and other eye witnesses’ identification of appellant, appellant’s counsel presented lengthy expert testimony
identifying some of the pitfalls associated with eyewitness testimony,
including that numerous convictions based on eyewitness identification have
been overturned by DNA evidence.   These actions could represent sound trial
strategy; clearly it is not so outrageous that no competent attorney would have
engaged in it.  See id.

Under these
circumstances, appellant has failed to establish by a preponderance of the
evidence that his counsel was ineffective.  We overrule his fourth issue.

Having overruled all
of appellant’s issues, we affirm the trial court’s judgment. 

 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

Panel consists of Chief Justice Hedges
and Justices Frost and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
443 U.S. 307, 319 (1979).





[2]
Presumably, appellant was attempting to show through this testimony that he had
been bald at the time of the robbery, because the witnesses and video
surveillance tape and photographs all indicated that the individual who committed
this robbery had hair showing under his cap.  However, there was simply no
indication during the nurse’s testimony that appellant’s scalp condition on
February 1, 2010, either (a) caused him to be bald or (b) existed at the time
of the robbery.  





[3]
Appellant’s trial counsel made the following comments before the testimony
regarding the first extraneous offense:  “And although there is obviously some
argument whether or not we opened the door, if that is the case, extraneouses
must still be relevant to what is going on here and now.”